PER CURIAM.
The parties’ marriage was dissolved and, as part of the judgment, the court approved the essence of a stipulation and agreement that the husband could remain in the marital home until it could be sold at a price no less than $159,500. Some ten months later appellant petitioned for modification of the final judgment, partly on the ground that the home had remained unsold and the ap-pellee was living in it with a new wife. Neither the parties’ agreement nor the judgment forbade the husband to live in the former marital home after remarrying. The trial judge denied appellant’s petition.
We affirm the denial, but without prejudice to appellant’s right to petition for a modification at a later date should the marital home not be sold within a reasonable time. We note that although the agreement did not specifically so provide, appel-lee’s counsel stated that appellee is committed to selling the home as soon as someone offers to buy it for at least $159,500.
Affirmed. Appellant’s petition for attorney’s fees on appeal is denied.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.